# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PERCY JACINTO-SANCHEZ,

    Petitioner,

v.                                                                            CASE NO. 8:11-cv-2781-T-30MAP
                                                                           CRIM. CASE NO. 8:07-cr-439-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court, *sua sponte,* for review of the file. Petitioner, a federal prisoner proceeding *pro se*, initiated this action by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (CV Dkt. 1). On December 20, 2011, the Court issued an order dismissing the motion without prejudice to Petitioner filing an amended motion within 20 days from the date of the order, to wit, on or before January 9, 2012 (CV Dkt. 3).

To date, Petitioner has not responded to the Court's December 20, 2011 order. Petitioner was cautioned in the order that failure to timely comply with the order "shall result in the automatic **dismissal** of this case **without further notice**." (Id. at 3) (emphasis in original).[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply

---

[1] According to the case docket, the order was mailed to Petitioner's address of record, but was returned to the Clerk as undeliverable on January 9, 2012. Petitioner has not filed a notice of change of address with the Court. The Clerk, however, resent the order on January 10, 2012, to Petitioner's new Bureau of Prisons address, and the order has not been returned as undeliverable.

with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[2] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for Petitioner's failure to prosecute and failure to comply with the Court's December 20, 2011 order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2012.

SA:sfc
Copy to: *Pro se* Petitioner

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2